In admiralty. The schooner, Christopher Columbus, owned by parties in Haverstraw, N. Y., was laid up for the winter at a dock in Haverstraw bay. She was fastened by a bow line to the dock and other lines to a vessel inside of her. During a storm her bow line parted and she swung round so as to threaten damage to the other vessel, whereupon the other lines were cast off, and she drifted across the slip, struck a canal boat lying fastened to the pier on the other side, broke her fastenings, knocked off her cabin and did some other damage before those on board the schooner got out fresh lines to hold her. The canal boat was also laid up for the winter and was without a keeper, her captain and owner having gone to the interior of the state, and the schooner's men did not attempt to make her fast again. She gradually worked up on the beach and before spring went to pieces, no one paying attention to her. After some time the owner heard of his loss, came down to Haverstraw, and made inquiries to find who did the damage; but no one could or would give him the information till a year and seven months after the accident, when he filed a libel against the schooner to recover his damages.

R. D. Benedict and Thomas C. Campbell, for libellant.

Elliot F. Shepard, for claimant.

[NOTE. For decision overruling exceptions to the commissioner's report as to damages, see Case No. 2,706.]

---

## Case No. 2,706.

### The CHRISTOPHER COLUMBUS.

[8 Ben. 510.] [1]

District Court, S. D. New York. Sept., 1876.

COLLISION—DAMAGES—SUBSEQUENT INJURY.

1. A schooner, having parted her lines during a storm, as she lay at a pier, was held liable for the damages occasioned to a canal boat against which she was driven. The canal boat

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

had no one on board. She was injured by the collision. Her lines were also parted by the collision, and she was left so as to be subject to additional injury from the storm. The commissioner, to whom it was referred to report the damages sustained by the canal boat by the collision, reported as such damages the value of the boat as being totally lost. Exceptions were filed to the report. *Held*, that the schooner was liable for all the damages sustained by the canal boat, both from the collision and from the storm subsequently.

2. That, on the conflict of evidence, the court would not disturb the finding of the commissioner who had had the witnesses before him.

[In admiralty. A decree was given for libellant, with a reference to ascertain the amount of damages (Case No. 2,705), and the cause is now heard on exceptions to the commissioner's report.]

T. C. Campbell, for libellant.
E. F. Shepard, for claimant.

BENEDICT, District Judge. This case comes before the court upon exceptions to a commissioner's report of the damage arising from a collision between the schooner Christopher Columbus and the canal boat J. P. Hewitt. The canal boat had been laid up at Haverstraw, and when injured by the Christopher Columbus was in a proper location, but without any person on board of her. The accident occurred on March 16th, 1870, when, during a storm, the Christopher Columbus parted her fastenings and was driven upon the canal boat, so as to carry off her cabin, break her transom, part her lines and leave her subject to additional injury from the storm during its continuance. Upon the trial it was held that the collision between the vessels arose from negligence on the part of the Christopher Columbus, and it was referred to a commissioner to ascertain the amount of damages arising from such collision. Upon such reference a mass of testimony was taken before the commissioner upon the question of damages, and he has reported the sum of $1,300, with interest, being the value of the canal boat as totally lost, with interest. The correctness of this report is now to be determined by the court. Upon the evidence I am of the opinion that the schooner is liable for all the injuries sustained by the canal boat by the actual contact of the boats and by the storm of March 16th. The schooner was bound to know that she had parted the boat's lines and placed her in peril of further immediate injuries from the storm then raging. It was apparent that there was no one on board the canal boat, and under such circumstances it was the duty of the schooner to secure the boat again and do all that in her lay to prevent further immediate injury to the boat. If no efforts would diminish the injury to the boat, the responsibility for her condition rests upon the schooner. If timely efforts would have prevented further loss, the schooner was bound to make such efforts, and she made none. The injuries sustained by the boat on

this occasion, as well by the elements as by the actual contact with the schooner, were the natural results of the schooner's acts and omissions, and may therefore with entire justice be charged to her as the damages caused by the collision in question.

As to the extent of these injuries the evidence is conflicting, but the weight of it appears to sustain the view taken by the commissioner, that they were such as to render her worthless. No doubt some injury was caused to the boat by winds and waves during the ten days that elapsed between the time of the accident and the time that the owner was notified of the occurrence, but the evidence points to the conclusion that the accident left the boat of little value. I therefore concur with the commissioner that the value of the boat before the accident is the measure of the damages to be recovered in this action. That value the commissioner, upon very conflicting evidence, has found to be $1,300. There is evidence to show that the boat was worth this if worth anything. Plainly she was a boat able to do work and of some value. The value found is supported by testimony apparently trustworthy; and the finding having been made after seeing the witnesses, I should hardly feel justified in disturbing it, even if I had more doubt than I have as to its substantial correctness. The exception is therefore overruled and the report confirmed.